IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 98-10421
Conference Calendar

————————————

JIMMIE LEE CLINE,

Plaintiff-Appellant,

versus

J. ASHLEY; J. WALSH,

Defendant-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-1272-P
- - - - - - - - - -
October 21, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jimmie Lee Cline, California prisoner # H-05238, appeals the district court's dismissal of his civil rights action against J. Ashley and J. Walsh, two Dallas attorneys, as frivolous. Cline alleged that he was the trustee of a trust fund and that Ashley conspired with Cline's ex-wives, parents, and sister to have Cline arrested on three separate occasions to keep Cline from his trust account. On appeal, Cline argues that the district court dismissed his complaint without conducting an investigation to determine whether his allegations were true.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Cline's complaint lacked an arguable basis in law, as well as an arguable basis in fact, the district court did not abuse its discretion in dismissing the complaint as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Cline's appeal is without arguable merit and frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. Cline's motion for the appointment of counsel is DENIED.

Cline previously filed a similar civil rights action, which was dismissed as frivolous. See Cline v. J. Ashley, et al., No. H-94-4086 (S.D. Tex. Jan. 10, 1995). With the district court's dismissal of the civil rights action Cline now appeals, the dismissal of his appeal as frivolous becomes his third strike. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).

A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars Cline from proceeding further under § 1915. He may proceed in subsequent civil cases under the fee provisions of § 1911-14 applicable to everyone else.

APPEAL DISMISSED; § 1915(g) SANCTION IMPOSED.